The bill is to foreclose a $75,000 three-year mortgage, due March 20th, 1933. The defendant answers that the complainant and his family had invested $70,000 in the association upon withdrawable shares, and upon the association refusing to redeem, by issuing six per cent. promissory notes, the complainant resigned from the board of directors of the association, largely made up of his relatives and business associates, and demanded payment of the $70,000, which the association was unable to meet. The complainant then lent the association $75,000 on the mortgage under foreclosure, upon the promise of the association to retire the $70,000 of shares in $10,000 monthly installments.
The association now sets up that the mortgage was given upon complainant expressly agreeing to the "condition, that the mortgage be drawn for a period of three years, but that the principal debt should not become due at the end of three years or at any other time unless and until the defendant should have funds sufficient to pay the debt in the judgment *Page 336 
of its board of directors consistent with the needs of the association's creditors and other stockholders and agreeable with the provisions of the law of the State of New Jersey, then in force or thereafter to be passed, and that in no event should or could the complainant call upon the defendant to repay the said sum of $75,000 or any part thereof so long as the defendant promptly paid its interest on the said mortgage and so long as the defendant in the judgment of its board of directors was unable to pay the same, having in mind the bank indebtedness and other creditors of the association and the demands of its shareholders and necessary running expenses, all of which was affected by then and now existing business stringencies." That the interest has been promptly paid and "notwithstanding the performance by the defendant of all of the covenants and undertakings made by it with respect to the said mortgage debt, complainant has filed his bill to foreclose the said mortgage," and prematurely. The answer also sets up the conclusion, that the effect of the transaction was to substitute the mortgage for an unsecured investment of the complainant and his family as stockholders in the association, and put them "into a position where, instead of having a stockholder's unsecured investment in the general assets of the association, they acquired a specific lien on a parcel of real estate belonging to the association."
A counter-claim repeats the allegations of the answers by reference to the paragraphs, and alleges that the filing of the bill "and the repudiation of the agreement made by the complainant with the defendant was a breach by the complainant of the condition under which the bond and mortgage were given to him." The prayer is for a restoration of the status quo ante
and a cancellation of the mortgage.
The answer and counter-claim were stricken on motion and for the reasons that:
The defendant cannot be heard, in pleading or proof, to vary the written terms of the mortgage by the supposed arrangement that it was not to be called according to its conditions, but was to run on during the pleasure of the defendant; for that is the substance of the defense. *Page 337 
The mortgage debt is not to be confused with the debt of the association to the complainant and his family as shareholders. The mortgage was given to secure cash loaned to the association to put it in funds to meet current obligations. It had the right to borrow on securities; the mortgage is not ultra vires. The agreement of the association to pay out of its current funds to the complainant and his family $10,000 monthly on their shares was collateral and, so far as appears, perfectly lawful; the money was owing. It is not alleged that the promise and compliance were beyond the means of the association or, in derogation of the rights of other shareholders, created a preference. We are not even informed that the promise has been kept which, of course, is immaterial, for this suit does not seek its enforcement. Neither fraud nor imposition is charged. It seems rather the boot is on the other foot; the association was the gainer by the loan, upon its promise to pay in deferred payments that which was then due the complainant and his family upon demand.